UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BEST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 CV 03469 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| TIFFANY HECKELSMILLER and | ) | |
| MELODY CHIAPPETTA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Crystal Best filed this action against Defendants Tiffany Heckelsmiller and Melody Chiappetta, both notaries public licensed in the State of Illinois. Plaintiff alleges that Defendants forged, or were involved with forging, Plaintiff's signature onto a quitclaim deed, which resulted in the relinquishment of Plaintiff's legal ownership interest in a property located at 9329 South Colfax Avenue, Chicago, Illinois, 60617. Plaintiff learned of the alleged fraud in 2021.

Before the Court is Plaintiff's motion for *in forma pauperis*. The Court, however, must look beyond a *pro se* plaintiff's financial status and conduct an initial review of her claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)).

Before addressing the merits of Plaintiff's case, the Court must assure itself that it has jurisdiction. Federal courts are courts of limited jurisdiction, which means "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

1

thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Federal courts can have subject matter jurisdiction over a case in two ways: (1) federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) diversity jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a). A federal court must dismiss an action where there is no federal question or diversity for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

Both possible jurisdictional bases are lacking here. First, Plaintiff has not stated any claims arising under federal law. Plaintiff's allegations appear to relate to property and/or contract law, both issues typically arising under state law. To the extent Plaintiff is asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, although not yet addressed by this Circuit, other courts have held that a privately employed notary public is not a "state actor" for purposes of Section 1983. *See, e.g.*, *Kobayashi v. McMullin*, 2022 WL 3137958, at *17 (C.D. Cal. May 31, 2022); *Worthington v. Palmer*, 2015 WL 7571822, at *6 (E.D. Va. Nov. 24, 2015); *Sanders v. Cnty. of Bradford*, 2014 WL 10294769, at *5 n.6 (M.D. Pa. Nov. 21, 2014); *Henry v. Logan*, 2010 WL 883674, at *3 (W.D.N.Y. Mar. 5, 2010). The Court therefore cannot discern how Plaintiff's claims arise under federal law.

Second, Plaintiff's complaint fails to reference Defendant's citizenship. Without an allegation of Defendants' citizenship, the Court cannot determine whether complete diversity exists between the parties, and thus cannot conclude that it has subject matter jurisdiction over this action. *See, e.g.*, *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658, n.1 (7th Cir. 2001). Plaintiff has likewise not met its burden in demonstrating that the amount in controversy exceeds the jurisdictional threshold of $75,000, as she has failed to demonstrate that "the value of the object of the litigation," namely the property at issue, satisfies the jurisdictional threshold. *See Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003).

The Court is understanding of Plaintiff's frustration in light of her allegations. The Court notes that the quitclaim deed, attached to Plaintiff's complaint, purports to transfer the property at issue for a total of one dollar ($1), and has affixed to it a signature misspelling Plaintiff's first name. Despite Plaintiff's allegations, which, if true, are abhorrent, the Court must dismiss Plaintiff's complaint [1] for technical jurisdictional reasons, and must deny Plaintiff's motion for *in forma pauperis* as moot [4]. The Court notes that this case may be better heard in state court. Nonetheless, if Plaintiff believes she can fix the issues identified in this Opinion and chooses to file an amended complaint in this Court, she is granted thirty (30) days to do so.

**IT IS SO ORDERED.**

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: 5/2/2025

3